JOHN L. CARMODY, Respondent, v. MICHAEL HANICK, Appellant.

St. Louis Court of Appeals, March 17, 1903.

1. Facts: EFFECT OF ADMISSION OF: PRACTICE, TRIAL: ERROR. Where facts admitted by both parties to a case point to one result as a conclusion of law, it is unnecessary to consider whether formal error occurred in the proceedings of the trial court.

2. Debtor: CREDITOR: APPLICATION OF PAYMENT BY DEBTOR: AGREEMENT OF CREDITOR AND DEBTOR: THIRD PARTY, HOW AFFECTED BY AGREEMENT OF CREDITORS AND DEBTOR. Where, as in the case at bar, the debtor directs the application of a payment when made to a specific account, and the creditor accepts the application and applies the payment as directed, the transaction is generally held to be valid and effective as between the parties; but such state of facts does not preclude the parties themselves from undoing the transaction by their mutual consent, and applying the fund in question otherwise at a later time, when that may be done without prejudice to the interest of any third party.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. Zachritz,* Judge.

AFFIRMED.

*C. R. Skinker* for appellant.

(1)   The agreement of April 20th could only be impeached for fraud or mistake, and is binding in this action because not so impeached. That such settlements as that evidenced by the paper of April 20th are binding upon the parties until impeached for fraud or mistake, is well settled. Pickel v. St. Louis Chamber of Commerce, 10 Mo. App. 191; Gibson v. Hanna, 12 Mo. 165; Carroll v. Paul, 16 Mo. 226. (2) The mistake that will authorize equity to set aside such an agreement must be a mutual mistake of the parties. Adkins v. Tomlinson, 121 Mo. 487; Bartlett v. Brown, 121 Mo. 353; Steinberg v. Insurance Co., 49 Mo. App. 255.

*Wm. F. Woerner* and *E. E. Schnepp* for respondent.

. Application of payment will be directed only to extinguish such debts as are legally enforcible, and upon which the law will apply it as justice and equity may require. Robie v. Briggs, 59 Vt. 443; Gantner v. Kemper, 58 Mo. 567; 2 Am. and Eng. Ency. Law (2 Ed.), p. 452, and cases there cited; Bank v. Bank, 94 U. S. 439.

PER CURIAM.—This is the second appeal in this cause. The first is reported in 85 Mo. App. (St. L.) 659, where a sketch of the main features of the litigation is given.

On the second trial the parties united in submitting to the circuit court the evidence taken at the first trial, as shown by the bill of exceptions on which the case was reviewed by this court on the first appeal. In addition, however, to the evidence contained in that bill of exceptions, defendants introduced (without objection) two excerpts from the testimony of Mr. Walter C. Taylor, given in a case of the present defendant, Mr. Hanick, against Mr. Taylor, in the circuit court, city of St. Louis, together with the checks and receipts

to which the testimony of Mr. Taylor relates.   The substance of the testimony of Mr. Taylor (as introduced at the last trial and supported by the vouchers exhibited) is that the $500 payment to Mr. Hanick by Mr. Taylor, April 20, 1891, was to Mr. Hanick individually and was immediately applied to his individual credit.

The action is to recover two hundred and fifty dollars (one-half of the last item mentioned) which plaintiff charges defendant to have received on account of sewer. work done for the property of Mr. Taylor by defendant and Mr. Timothy W. Scott on their joint account.   Plaintiff is the assignee of Mr. Scott's claim by transfer in proper form after the death of Mr. Scott. The former report of the case gives all the material facts of the controversy.

At the last trial the following declarations of law were given, the first at the instance of the plaintiff, and the other at defendant's request, viz.:

"The court declares the law to be that if it believes and finds from the evidence that defendant Hanick, having at the time an individual account and also a joint account of himself and Scott. (plaintiff's assignor) against Taylor, accepted a payment of $500 from Taylor, intending at the time to credit same to his individual account against Taylor, but that it subsequently developed in a judicial proceeding between said Taylor and Hanick (in which the latter sued for and represented both himself individually and himself and Scott jointly) that there was only due at that time from Taylor to Hanick the sum of $16.47 on his individual claim (which sum said Hanick afterwards accepted in full without returning to Taylor any part of said $500) so that said payment of $500 could not be applied thereon, and further, that at at the time of said $500 payment by Taylor to Hanick there was owing from Taylor to Hanick and Scott (plaintiff's assignor) on the joint account referred to, a sum in excess of said $500, and that said sum was, in the case of Hanick v. Taylor,

applied in reduction of that joint account due from Taylor to Hanick and Scott, and that Hanick never accounted to Scott for said sum or any part thereof, and never paid the same or any part thereof to any person, and has the same unaccounted for, and that at the time of the written agreement of April 20, 1895, introduced in evidence, plaintiff was in ignorance of such $500 payment to Hanick and that the same was omitted therefrom by mutual mistake, then judgment must be for plaintiff for one-half of said sum of $500, with interest from filing of this suit.

"If the court shall believe and find from the evidence that the sum of five hundred dollars received by Hanick from Taylor on the 20th of April, 1891, was not received on account of the sewer work which had been done by Hanick and Scott on joint account, then the plaintiff can not recover in this action."

The learned trial judge furthermore refused the following declaration asked by defendant, viz.:

"If the court shall believe and find from the evidence that the agreement for a settlement dated 4-20-1895, and read in evidence by the plaintiff was made as part of a general settlement between defendant Hanick and Scott's administrator; that since that time a judgment has been rendered in the case of Hanick v. Taylor, number 91860, in favor of the plaintiff; that Hanick has collected from Taylor the sum awarded to him by said judgment for the sewer work done by Hanick and Scott on joint account, and that Hanick has accounted with plaintiff Carmody for the sum so collected and has paid over to him the share thereof due to Scott's estate as per the terms of said agreement, then the plaintiff can not recover in this suit."

The trial court found for plaintiff in the sum of $302.50, and rendered judgment accordingly. Defendant appealed in the ordinary way after duly saving exceptions.

1. Defendant complains of the declaration of law given by the court at the instance of plaintiff and raises some questions upon the other declarations. It will not be necessary to go into the particulars of those rulings, inasmuch as we think the facts conceded by defendant are conclusive of this appeal as a matter of law.

When facts admitted by both parties to a case point to one result as a conclusion of law, it is unnecessary to consider whether formal errors occurred in the proceedings of the trial court.

It is undoubted law that where, as in the case at bar, the debtor (in this case Mr. Taylor) directs the application of a payment when made to a specific account and the creditor accepts the application and applies the payment as directed, the transaction is generally held to be valid and effective as between those parties immediately concerned. But such a state of facts does not preclude the parties themselves from undoing the transaction by their mutual consent and applying the fund in question otherwise at a later time, when that may be done without prejudice to the interest of any third party. The effect of the decision of the referee in the case of Hanick v. Taylor was to determine that the payment in question of the five hundred dollars, April 20, 1891, by Mr. Taylor, although intended at the time as a payment on the several or individual account of Mr. Hanick was not in fact due upon that account but that the same should properly have been applied to the other account of Mr. Taylor at the time, namely, the joint account of Scott and Hanick. The referee's finding and the court's judgment thereon became conclusive between Messrs. Hanick and Taylor when the judgment in the former case became final, as all parties to this case concede it did. The effect of that judgment was to apply the payment by Mr. Taylor (originally on the several account of Mr. Hanick) to the joint account of Scott and Hanick and thereby

to conclude Messrs. Taylor and Hanick to that application of the payment. As Mr. Hanick before beginning that case had accepted an assignment of the joint account of Messrs. Scott and Hanick in order to facilitate the collection of the joint account along with one due Mr. Hanick severally by the same defendant, he became trustee for collection of the Scott interest in the account.

The memorandum of April 20, 1895, signed by Mr. Michael Hanick did not mention this particular payment of five hundred dollars. There is not the slightest ground to ascribe any want of good faith to Mr. Hanick in omitting to mention it. He undoubtedly regarded the application of the payment to his personal account as valid and final. That memorandum was made, however, before the finding and judgment in the case of Hanick v. Taylor, the result of which was to alter the application of the payment in question as between Messrs. Taylor and Hanick. Mr. Hanick at the time of the memorandum of April 20, 1895, considered that particular payment as made to him alone; for he claimed the larger amount as his just due. But the referee afterwards found he was not entitled to as much as he claimed on his individual account, and, therefore, he found in favor of Mr. Hanick for about sixteen dollars only instead of the larger amount which Mr. Hanick had demanded.

It is not important to consider whether or not that judgment was conclusive as to plaintiff's right to one-half of the Taylor payment as between him and the defendant in this case. It is enough that it was a conclusive decision between Messrs. Taylor and Hanick as to the application of the payment between them. It had the effect to decide that it was not properly applicable to Mr. Hanick's own account and there was then left no other account than the joint account of Hanick and Scott to which it could be applied. The adjudication that the payment did not belong to Mr. Hanick nec-

essarily had the effect to change the application of the payment to the joint account, just as the parties to the former judgment might have voluntarily so changed the original application had they seen fit, and the plaintiff had assented.

2.    The refusal of the learned trial judge to give the second declaration of law asked by defendant was proper in view of the ruling on the former appeal to which we adhere.

3.  . It is next insisted that the judgment is excessive in one particular, but we do not so view it.

·  As Mr. Hanick's recovery of his individual demand for $16.47 was secured in the other suit and was independent of this $500 item of the joint account, the latter should not be reduced by the individual judgment aforesaid, in determining the shares of the parties to this case in the $500 payment.

The judgment is affirmed.    All concur.